F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MILTON GILMORE LEE**,**

        Plaintiff-Appellant,

v.

KATHY WATERS and DENISE
SPEARS,

        Defendants-Appellees**.**

No. 98-6160

(D.C. No.  CR-176-A,
CIV-97-674-L)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY** Circuit Judges.

---

Milton Lee, a prisoner in the Oklahoma State Penitentiary proceeding pro se, appeals the district court's dismissal of his claims asserted against the defendant prison officials pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, we affirm the judgment dismissing Mr. Lee's complaint, although for different reasons that those set

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

forth by the district court.[1]

I.  BACKGROUND

In his complaint, Mr. Lee alleged that the defendant Kathy Waters (the Deputy

Director of the Oklahoma Department of Corrections) and the defendant Denise Spears

(the warden of the Howard McLeod Correctional Center) violated his due process and

equal protection rights.  He maintained that, on October 18, 1996, disciplinary officer R.

Hazelwood held four disciplinary hearings without Mr. Lee being present to give a

defense.  Mr. Lee did not name Officer Hazelwood as a defendant, but he alleged that the

defendant Ms. Waters "failed to remedy the wrong after having learned of such," and that

the defendant Ms. Waters affirmed the punishment imposed at the hearing (the forfeiture

of earned credits and emergency credits and the imposition of disciplinary segregation

and a fine).  Rec. doc. 2 at 2-3.  Mr. Lee sought to recover actual and punitive damages.

The magistrate judge issued an initial determination of the matter recommending

dismissal under Fed. R. Civ. Pro. 12(b)(6).  The magistrate listed the due process rights

required in the context of prison disciplinary hearings under Wolff v. McDonnell, 418

U.S. 539, 556 (1974), and stated that these rights did not include the right to be present at

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

his disciplinary hearing.  After reviewing the magistrate's report , the district court also concluded that both Mr. Lee's claims should be dismissed as Mr. Lee had "been afforded all the process he was due," and entered judgment for the defendants.

## II.  DISCUSSION

On appeal, Mr. Lee argues that the district court erred in dismissing his due process and equal protection claims.  He maintains that there is evidence in the record controverting the defendants' contention that he refused to participate in the disciplinary proceedings.

As to Mr. Lee's equal protection claims, we agree with the district court that the claim should be dismissed.  Mr. Lee failed to sufficiently allege that he is a member of a protected class or that the defendants' actions lacked a rational basis.

As to Mr. Lee's due process claims, it is unclear from the district court order exactly what grounds formed the basis for dismissal.  We observe that the district court's statement that Mr. Lee had "been afforded all the process he was due" may have been premature as (contrary to the magistrate's statement of the law) our circuit has not yet directly resolved the issue of whether Wolff contains an implied right for an inmate to be present at his disciplinary hearing, and if so, how much process is due in connection with that right.  We need not directly resolve that issue here, as we may affirm the district court's judgment for any reasons supported by the record, including reasons not

3

articulated by the court itself.  See Medina v. City & County of Denver, 960 F.2d 1493, 1495 n. 1 (10th Cir.1992).  We hold that Mr. Lee's due process claim must be dismissed on the grounds of qualified immunity.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires the court to dismiss any § 1983 claim regarding prison conditions if it "seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(1).  In this case, the defense of qualified immunity, asserted by the defendants in their motion to dismiss, or in the alternative for summary judgment, supports the district court's entry of judgment in favor of the defendants.

Under the doctrine of qualified immunity, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  For plaintiffs to defeat a claim of qualified immunity, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Here, contrary to Mr. Lee's argument on appeal, the defendants submitted statements from prison officials indicating that after he became disruptive and hostile to staff, Mr. Lee was afforded an opportunity to attend the disciplinary hearings on the condition that he be handcuffed and that Mr. Lee refused to do so.  Rec. doc. 10 attach. J-

4

K. Mr. Lee did not deny that he refused to be handcuffed. Rec. doc. 11.

There is no clearly-established *unqualified* right to attend one's disciplinary hearing.[2] The Supreme Court has addressed the issue only implicitly, see Wolff, 418 U.S. at 566, and, as above, we have never held that there is such an unqualified right. Further, other circuits to consider the issue have held that a prisoner's implied right to attend his own disciplinary hearing is only a qualified one, "limited by 'the competing concerns of maintaining institutional safety and other correctional goals.'" Battle v. Barton, 970 F.2d 779, 782 (11th Cir. 1992) (quoting Smith v. Massachusetts Dep't of Corrections, 936 F.2d 1390, 1399 (1st Cir. 1991)); see also Moody v. Miller, 864 F.2d 1178, 1180 (5th Cir. 1989). The unrebutted evidence in Mr. Lee's case establishes that there were such "competing concerns of maintaining institutional safety" that justified the requirement of handcuffing Mr. Lee at the subject disciplinary hearings. Because there is no clearly established right to attend a disciplinary hearing when such competing concerns exist, i.e., no unqualified right to attend a disciplinary hearing, by conducting the hearings in Mr.

---

[2]We assume for purposes of this discussion that Mr. Lee's claims as to lost good time credits rise to the level of a protected liberty interest, although as the magistrate suggested, even this conclusion may be in doubt after Sandin v. Conner, 515 U.S. 472 (1995). We also observe that while Mr. Lee lost good time credits at his disciplinary hearing, he has sounded his complaint under § 1983 and requests only monetary damages for the deprivation of his right to attend the hearing without in any way asserting his innocence or challenging the results of the disciplinary proceeding. Thus, construing his pro se petition liberally, any judgment in Mr. Lee's favor would not "necessarily imply the invalidity of his sentence," and his claim is not barred by Edwards v. Balisok, 117 S. Ct. 1584 (1997).

Lee's absence after he refused to comply with this condition, prison officials did not violate a clearly established due process right of which a reasonable person would have known. The record therefore supports the grant of dismissal to the defendants on Mr. Lee's due process claim on the grounds of qualified immunity.[3]

## III. CONCLUSION

We affirm the district court's dismissal of Mr. Lee's equal protection claim for failure to state a claim upon which relief can be granted. As to Mr. Lee's due process claim, we affirm the district court's judgment of dismissal on the grounds that the defendants are entitled to qualified immunity.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[3] Because Mr. Lee seeks only monetary relief, we interpret his claims as asserted against the defendants in their individual capacities.